IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:24-MC-3-D

Mark Eastham and Peter Spark

Plaintiffs,

v.

Robert Paul Sharpe

Defendant.

**MOTION FOR RECONSIDERATION**

Now comes Defendant, Robert Sharpe, respectfully requesting this Court reconsider the order denying removal of reference.

At hearing on 6/20/2024, Plaintiffs and the bankruptcy court agreed to disjoin parties and that this matter was no longer related to bankruptcy. Importantly, at the time the court removed bankruptcy jurisdiction, issues within the case have been accepted for oral arguments before the Fourt Circuit Court of Appeals. See *In Re Robert Sharpe,* Case No. 24-1001.

Procedurally this may be important because a gag and gatekeeper order was withdrawn at hearing on 6/20/24 with stated intent to "moot" the Fourth Circuit. This order was entered at the request of Plaintiffs after the bankruptcy court withdrew jurisdiction. Importantly, the precedent used by both sides concerning the gag order also includes attempts to moot gag orders under mandamus review.

> We first turn to the motion to dismiss the mandamus petition. Respondents contend that the district court's August 31 order rescinding the gag order somehow moots the mandamus petition. We

disagree. Not only was the August 31 order invalid, but the ordinary application of mootness doctrine comfortably allows this court to reach the merits of the gag order. *See. In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018)

In the matter before the Fourth Circuit, Defendant is now represented *pro bono* by Hunton Andrews Kurth, who successfully argued the above case, *In re Murphy-Brown*. However, Defendant does not have representation for these matters in the EDNC. Defendant is unable to afford additional counsel and is struggling to keep up. Retaliation has devastated our family financially. An IFP application is pending in the circuit court. Defendant is attempting to obtain representation for these matters.

Importantly, Defendant wishes to state the facts listed in the Eastham Spark complaint have never been adjudicated as true and the agreement with the Chapter 7 trustee makes no such admission. Defendant is concerned statements in the order will later be used to establish facts stated by Plaintiffs as true, when perjury still exists on the record and potentially under review by the Fourth Circuit to commit fraud and retaliate through a gag order.

### Answer Deadline

An answer was not filed by Defendant in this matter while a Rule 12 motion was being considered about the claims. Defendant was unable to answer the amended complaint until those questions were resolved; the amended complaint was approved on 6/20/24, months after the deadline. Defendant does not have a copy of the complaint since the parties have been separated. Which facts need

- 2 -

answers and relevant to the claims allowed have not been disclosed to Defendant. Further, the scheduling order was removed and "mooted" by the court.

## Retaining Rights

Concerning Defendant still owning statutory rights and claims, the Chapter 7 trustee stated in court on 6/20/24 Defendant's whistleblower claims were not included in the scope of the settlement. Even right had been waived, which I expressly did not (multiple privileged conversations with special counsel), 41 U.S.C. § 4712 rights are not waivable by any agreement:

> Rights and remedies not waivable. -The rights and remedies provided for in this section may not be waived by any agreement, policy, form, or condition of employment. *See.* 41 U.S.C. § 4712(c)(7).

## Standing

Whistleblower laws have gone significant expansion in the scope of covered persons since 2015, especially as related to government contractors and subcontractors. Recently the Fourth Circuit addressed some of these changes:

> First, we address O'Hara's § 3730(h) argument. We hold that the district court's conclusion that § 3730(h) only protects whistleblowing activity directed at the whistleblower's employer was erroneous, because the plain language of § 3730(h) protects disclosures in furtherance of a viable FCA action against *any person or company. See. O'Hara v. Nika Techs., Inc.*, 878 F.3d 470, 475 (4th Cir. 2017)

Whistleblower issues in this present matter are novel. Many of the questions are likely a first look in the EDNC and potentially for the Fourth Circuit after multiple changes to these statutes by Congress since 2015.

## Individual Liability

Importantly, Defendant's whistleblower claim was not against Eastham and Spark as employees. Eastham and Spark retaliated while owning 40% of the company, instigating a derivative action, and removed my ability to lead or make decisions, thereby altering the terms and conditions of employment. Plaintiffs maliciously took control of Port City Contracting Services, a service-disabled owned company. Plaintiffs started this process with perjury. Misrepresentations still exist, uncorrected by Plaintiffs.

## Special Counsel

Defendant was a W-2 employee and partner in Port City Contracting Services, Inc. (PCCS). When obtaining approval for special counsel, personal claims existed for whistleblower retaliation against PCCS, Davinci, Eastham, Spark, and potentially other parties. Importantly, Eastham and Spark took control of PCCS through a derivative action, controlling my employment in the name of PCCS. As stated:

> Cook does not and shall not represent Sharpe with regard to any claim Sharpe may hold against PCCS or any interest Sharpe may hold in PCCS including as a shareholder.

Further:

> Cook shall not represent Sharpe individually in any matter falling within the scope of his special counsel representation.

It would have been impossible for special counsel to handle my individual whistleblower claims as they were also in regard to a potential claim against PCCS and are individually owned. If special counsel and PCCS decided to claim ownership of my whistleblower rights and protections, it would create a claim against PCCS.

The "interest" referred in the agreement referred to any financial recovery in <u>joint litigation</u> brought by PCCS and the Chapter 13 trustee, not ownership or control. I confirmed this issue recently with Richard Cook and he confirmed this litigation was not brought. Importantly, if this matter was within special counsel's scope, there would be a duty for Mr. Cook to provide defense in this matter:

> If such litigation is brought, to **defend any claims of the adverse third parties** against the bankruptcy estate(s) of PCCS **and/or Sharpe** that might be asserted as a counterclaim or offset against the claims of the bankruptcy estate(s)

Even further, for any claim to fall under the scope of special counsel, it had to be agreed to by both trustees, <u>and</u> be a matter that they both legally had ownership:

> To make demands and to file and prosecute litigation of any of those claims if **agreed to by both** special counsel **and** the Trustee(s) of the bankruptcy estate(s) **holding such claims.**

At no time did the Chapter 13 trustee hold ownership of my statutory protections and mandatory remedy. When I left bankruptcy in January of 2024, I immediately filed the writ of mandamus to regain recognition of my Constitutional and whistleblower rights. I have emails from both Mr. Cook and the Chapter 13 trustee stating I am free to pursue whistleblower claims on my own.

At the 6/20/24 hearing, to stop Plaintiffs' misleading claims from further using this issue as a means to avoid accountability, Defendant asked the bankruptcy court if my personal claims were included in this recent settlement. <u>On the record, the Chapter 7 trustee stated my individual claims were not included as a part of the settlement; they are owned by me.</u>

- 5 -

This is not the first time this matter has been ruled in court. On 2/29 opposing counsel asked the court about this matter and the Chapter 7 trustee was clear, my whistleblower claims are not within the scope of special counsel. The judge then agreed and closed the matter. Arguments have been made in bad faith to this Court.

Abuse of process is one of the most common forms of retaliation. The gag and gatekeeper order and my inability to obtain due process in bankruptcy court is the subject of my writ of mandamus. Notably, oral arguments requested in a pro se requested mandamus are exceptionally rare and has not happened in decades, if ever. The complicated and long abuse by Eastham and Spark after I reported them for fraud in a VA disability program is the subject of the writ. The gag order is only one of the many in which they restricted my First and Fourteenth Amendment rights.

If Plaintiffs' argument was allowed to stand, I would have been denied whistleblower rights in bankruptcy, then denied them because I left bankruptcy to seek those rights, without any hearing or a chance to obtain statutorily required relief. The very court and system required to be a protected disclosure would have instead taken my rights and allowed retaliatory litigation to continue.

## Bad Faith

Concerningly, on 6/20/24 opposing counsel moved for the bankruptcy court to dismiss and remand this matter, knowing removal of reference was pending in this Court. Opposing counsel is also aware pleadings before this Court are contrary to

what was stated on 6/20/24. Defendant is understanding that the facts and situation may have changed due to the agreed separation of parties. However, opposing counsel should have informed this Court of the change in facts and not improperly circumvented jurisdiction and requested the matter remanded when removal was before your Honor. Defendant was not given any notice of the change in argument or intent to remand this matter outside this proceeding.

## Help Needed

I have been trying to escape the retaliation and abuse of process by Eastham and Spark, mostly through counsel, for over two years. I believe the matter before the Fourth Circuit will finally expose their abuse, lies, and fraud. A stay in this matter would allow the Fourth Circuit to finally stop these harms and potentially set a precedent to help future disabled veterans and whistleblowers attempting to escape abuse. I am hurting. I have told the truth. Both whistleblower laws have an original right of action in federal court.

I am overwhelmed and need to stop the harassment. Currently, a way to validate and obtain statutory legal protection, with mandatory remedies, does not seem to exist. The VA OIG failed to investigate; an APA matter to address this issue is pending. The federal courts are the only other option for whistleblowers needing help. I hope this Court, as a protected source for disclosure, will help stop the people I reported for federal contracting fraud from continuing to harass and harm myself and my family.


Most importantly, the gag order, gatekeeper, and other reported abuses were obtained through perjury of material facts, ex parte, to intentionally retaliate against a federally protected whistleblower. These claims are the foundation of my whistleblower retaliation claim. It is my sincere belief these important public issues are a reason this matter was selected for oral arguments before the Fourth Circuit. Recently before Congress DOJ Inspector General Michael E. Horowitz stated:

> *Whistleblowers perform an essential public service* in ensuring accountability in government, and no one should be retaliated against or threatened with retaliation for bringing forward information that they reasonably believe evidences waste, fraud, abuse, or misconduct. This is not just a principle that IGs agree with, *it's a principle enshrined in the law.*

## RELIEF

Defendant respectfully requests this Court reconsider the order denying removal of reference after bankruptcy jurisdiction was removed on 6/20/24 by the bankruptcy court; and

A stay in this matter to give defendant a time to obtain PTSD treatment, obtain local counsel, and allow associated matters before the circuit court to be heard.

Respectfully submitted this 28th day of June, 2024,

Robert Paul Sharpe
245 Royal Fern Rd.
Wilmington NC 28412
p. (910) 540-8157
wilmingtondiver@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 28th, 2022 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

Respectfully submitted this 28th day of June 2024,

Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com